# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF DOCKETING

## 19-1651 - Bruso v. DOJ

**Date of docketing:** March 14, 2019

**Petition for review of:** Merit Systems Protection Board case no. AT-3443-18-0579-I-1

**Petitioner(s):** Helen Jane Bruso

**Critical dates include:**

- Date of docketing. See Fed. Cir. R. 12 and 15.
- Filing fee due. (*Due within 14 days of the date of docketing*.) See Fed. R. App. P. 15(e) and Fed. Cir. R. 52.
- Certified list. See Fed. Cir. R. 17.
- Statement concerning discrimination. (*Due within 14 days of the date of docketing*.) See Fed. Cir. R. 15(c).
- Entry of appearance. (*Due within 14 days of the date of docketing*.) See Fed. Cir. R. 47.3.
- Certificate of interest. (*Due within 14 days of the date of docketing*.) See Fed. Cir. R. 47.4.
- Docketing Statement. (*Due within 30 days of the date of docketing*.) [Only in cases where all parties are represented by counsel. See Fed. Cir. R. 33.1 and the mediation guidelines available at www.cafc.uscourts.gov.]
- Requests for extensions of time. See Fed. Cir. R. 26 and 27. **N.B. Delayed requests are not favored by the court**.
- Briefs. See Fed. Cir. R. 31. [A pro se party must not file his or her informal brief until after the certified list has been filed and served.] **N.B. You will not receive a separate briefing schedule from the Clerk's Office**.
- **ORAL ARGUMENT SCHEDULE CONFLICTS:** Counsel should advise the clerk in writing within 30 days once briefing is completed of potential scheduling conflicts or as soon as they are known and should not wait until an actual conflict arises. Once scheduled, a case will not be postponed except on motion showing **compelling reasons**. See Practice Note following Fed. Cir. R. 34.

The official caption is reflected on the electronic docket under the listing of the parties and counsel. The Rules of Practice and required forms are available at www.cafc.uscourts.gov.

Peter R. Marksteiner
Clerk of Court

cc: Clerk, Merit Systems Protection Board
Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, P.O. Box 480, Ben Franklin Station, Washington, DC 20044
Louis Francis Robbio

FORM 5. Petition for Review or Notice of Appeal of an Order or Decision of an AGENCY, BOARD, COMMISSION, OFFICE OR BUREAU

Form 5
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

HELEN JANE BRUSO, Petitioner or Appellant,

v. **PETITION FOR REVIEW**

DEPARTMENT OF JUSTICE, Respondent or Appellee.

I Helen Jane Bruso (name all parties* bringing the petition or appeal) hereby petition/appeal the court for review of the Initial Decision AT-3443-18-0579-I-1 (describe the order or decision and include decision number) of the Merit Systems Protection Board (name the agency, board, office or bureau) entered on January 16, 2019 (date). The order or decision was received on December 12, 2018 (date).

Date: March 12, 2019

/s/ Louis F. Robbio, Esq.

(Signature of petitioner, appellant or attorney)

1230 Fishtail Palm Court
North Port, FL 34288
(941) 429-2194
lfr911@verizon.net

(Address, phone number and e-mail of petitioner, appellant or attorney)

*See Fed. R. App. P. 15 (a) (2) for permissible ways of identifying petitioners.

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
ATLANTA REGIONAL OFFICE

| | |
|---|---|
| HELEN JANE BRUSO, <br> Appellant, | DOCKET NUMBER <br> AT-3443-18-0579-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, <br> Agency. | DATE: December 12, 2018 |

Louis Robbio, Esquire, North Port, Florida, for the appellant.

Carol A. Joffe, Springfield, Virginia, for the agency.

BEFORE
Sherry Linville
Administrative Judge

INITIAL DECISION

On June 27, 2018, the appellant filed an appeal with the Merit Systems Protection Board (Board) challenging the agency's decision to suspend her for a period of 12 days. Appeal File (AF), Tab 1. For the reasons below, the appeal is DISMISSED for lack of jurisdiction. Because there is no factual dispute bearing on the jurisdictional issue, the appellant's request for a hearing was not granted. *See Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1428 (Fed. Cir. 1984).

JURISDICTION

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Thus, it follows that

the Board does not have jurisdiction over all matters alleged to be unfair or incorrect. *Noble v. Tennessee Valley Authority*, 892 F.2d 1013, 1014 (Fed. Cir. 1989) (en banc), *cert. denied*, 496 U.S. 936 (1990). The appellant has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

By Order dated June 29, 2018, the parties were afforded the opportunity to submit evidence and/or argument concerning the Board's jurisdiction over the appellant's 12-day suspension. AF, Tab 3. Both parties filed a response. AF, Tabs 10, 11. In her response, the appellant raised allegations of retaliation based on whistleblowing under 5 U.S.C. § 2302(b)(8) and (9). AF, Tab 10. Thus, an Order to Show Cause was issued on October 25, 2018, to address the Board's jurisdiction. AF, Tab 12. Both parties responded. AF, Tabs 13, 14.

An appellant is entitled to a jurisdictional hearing only where she makes a non-frivolous allegation that the Board has jurisdiction over her appeal. *See Smirne v. Department of Army*, 115 M.S.P.R. 51, ¶ 8 (2010); *Yusuf v. U.S. Postal Service*, 112 M.S.P.R. 465, ¶ 15 (2009); *Yiying Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007); *Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006); *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Non-frivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish the Board has jurisdiction over the appeal; mere pro forma allegations are insufficient to satisfy this non-frivolous standard. *See Smirne*, 115 M.S.P.R. 51, ¶ 8; *Lara*, 101 M.S.P.R. 190, ¶ 7; *Ferdon*, 60 M.S.P.R. at 329.

Otherwise Appealable Action

The Board only has jurisdiction to review a claim when an agency takes an "otherwise appealable action" against an employee. If, for example, an agency

imposes a removal, a suspension of more than 14 days, or a demotion, against an employee, then she may raise violations of section 2302(b) as an "affirmative defense" to that action. *See* 5 U.S.C. § 7512; *Booker v. U.S. Postal Service*, 53 M.S.P.R. 507, 509, *aff'd*, 982 F.2d 517 (Fed. Cir. 1992), cert. denied, 510 U.S. 862 (1993); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

Here, the appellant's response included allegations that the agency violated the appellant's due process rights; based its decision on illegal discrimination; committed various prohibited personnel practices (PPP); and retaliated against the appellant based on whistleblowing. With regard to the claims of due process violations, discrimination and/or PPP, the Board does not have independent jurisdiction to review these claims. The Board only has jurisdiction to allegations such as these when an agency takes an "otherwise appealable action" against an employee. If, for example, an agency imposes a removal, a suspension of more than 14 days, or a demotion, against an employee, then she may raise violations of section 2302(b) as an "affirmative defense" to that action. *See* 5 U.S.C. § 7512; *Booker v. U.S. Postal Service*, 53 M.S.P.R. 507, 509, *aff'd*, 982 F.2d 517 (Fed. Cir. 1992), cert. denied, 510 U.S. 862 (1993); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). An affirmative defense occurs when an employee claims that an action should not be sustained because: (1) there was a harmful error in the agency's procedures for taking the action; (2) the decision was based on prohibited personnel practices; or (3) the decision was otherwise not in accordance with the law. 5 U.S.C. § 7701(c)(2). While an agency has the burden to prove that its action is supported by a preponderance of the evidence, the appellant asserting an affirmative defense bears the burden to prove the affirmative defense by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2). In the absence of an "otherwise appealable action," allegations of prohibited personnel practices under 5 U.S.C. § 2302(b)(b)(1), (2), (3), (4), (5), (6), (7), (10) or (11) do not confer independent

jurisdiction on the Board. Thus, if the appellant believes that an agency has taken a prohibited personnel action against her in violation of these sections, the Board will not be able to adjudicate the appeal unless the agency has also taken an "otherwise appealable action" against her.[1]

Whistleblowing

With regard to the appellant's whistleblowing allegations under 5 U.S.C. § 2302(b)(8) and (9), the Board may have jurisdiction over these claims as an individual right of action (IRA) appeal. *See* 5 U.S.C. § 1221. To establish Board jurisdiction over an IRA appeal, the appellant must show that she exhausted her administrative remedies before the Office of Special Counsel (OSC) and make non-frivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure, or engaged in other protected activity as specified below; and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take one of the personnel actions listed at 5 U.S.C. § 2302(a). In this appeal, there is no indication that the appellant has exhausted her administrative remedies with OSC.

As stated above, the Board does not have jurisdiction to review a 12-day suspension. Thus, because the appellant did not raise a non-frivolous allegation of jurisdiction, I find that the appellant failed to meet her burden of proof that the Board has jurisdiction over her appeal. Absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's affirmative defenses, such as violations of PPP or discrimination. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

---

[1] Likewise, without the agency taking an otherwise appealable action against the appellant, the Board does not have the authority to review its decision that the appellant is Giglio-impaired. *See* 5 U.S.C. § 7512. To the extent that the appellant believes the agency has violated her rights under Title VII of the Civil Rights Act of 1964, her remedies lie with the Equal Employment Opportunity Commission, not the Board.

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:            /S/
                          Sherry Linville
                          Administrative Judge

### NOTICE TO APPELLANT

This initial decision will become final on **January 16, 2019**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

### BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

### NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently only one member is in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least one additional member is appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

### Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to

warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the

Case 6:19-cv-01987-RBD-EJK Document 1-2 Filed 10/17/19 Page 10 of 15 PageID 10
Case: 19-1651 Document: 1-2 Page: 9 Filed: 03/14/2019 (10 of 15)

8

pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

Case 6:19-cv-01987-RBD-EJK Document 1-2 Filed 10/17/19 Page 11 of 15 PageID 11
Case: 19-1651 Document: 1-2 Page: 10 Filed: 03/14/2019 (11 of 15)

9

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>. 5 U.S.C. § 7703(b)(1)(A).

10

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you **only** if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ___, 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

11

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for

review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

# CERTIFICATE OF SERVICE

I, Louis F. Robbio, Attorney for Petitioner, Helen Jane Bruso, hereby certify that on March 11, 2019 I sent a copy of the within Notice of Petition for Review/Notice of Appeal by electronic means to Counsel of record for the Respondent, the United States Department of Justice:

Carol A. Joffe
Office of Chief Counsel, Civil Litigation Section
Drug Enforcement Administration
8701 Morrissette Drive
Springfield, VA 22152
Email: carol.a.joffe@usdoj.gov
Telephone: (202) 307-2438

                                                /s/ Louis F. Robbio
                                                Louis F. Robbio, Esq.
                                                Attorney for Petitioner/Appellant
                                                Law Office of Louis F. Robbio, PLLC
                                                1230 Fishtail Palm Court
                                                North Port, FL 34288
                                                lfr911@verizon.net
                                                Fax: (941) 429-2194